UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PATRICIA A. KASSNER,
        Plaintiff

v.

CHASE HOME FINANCE, LLC,
        Defendant

Case No. 11-cv-10643-RWZ

### MEMORANDUM IN SUPPORT OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S MOTION TO DISMISS

Now comes Defendant JPMorgan Chase Bank, National Association ("JPMC"),[1] on behalf of itself and as successor by merger with Chase Finance, LLC, and hereby files this Memorandum of Law in support of its Motion for Leave to File a Reply to Plaintiff's Opposition to JPMC's Motion to Dismiss (the "Motion"). JPMC does not seek to burden the Court with unnecessary paper; however, due to the Plaintiff's Opposition, JPMC would like clarify the record. For the following reasons, JPMC would like to file a maximum three page Reply:

    **A.**    <u>**To Clarify the Standard of Review**</u>

Plaintiff erroneously cites to an outdated standard of review. The Plaintiff cites to an inapplicable motion to dismiss standard, which required the Court to find "beyond doubt, that the [p]laintiff can prove no set of facts[,]" rather than the standard enunciated in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).

---

[1] Since the filing of the Amended Complaint and Removal to this Court, Chase Home Finance, LLC ("CHF") has merged into JPMC. However, in order to keep the claims and allegations clear to the Court, JPMC filed separate motions to dismiss between the ownership claims and servicer claims, but for brevity will file one Reply if granted.

**B.     Plaintiff's Opposition Arguments Are Merely Circular and Fail to Actual Address the Pleading Deficiencies in the Complaint Noted by the Motion to Dismiss.**

Many of the Plaintiff's arguments in support of her opposition merely recite the insufficient allegations raised in the Complaint and do not actually rebut the arguments raised in the Motion to Dismiss. For example, with regard to the TILA claims, Plaintiff reargues that rescission is available to her because: "WAMU failed to clearly and conspicuously disclose the fully indexed rate of Plaintiff's loan . . .; failed to disclose which of the four (4) loan options . . . Plaintiff was receiving . . . ; and made improper handwritten notations on the TILA disclosure[.]" See Opposition at 17. However, JPMC specifically argues in its Motion to Dismiss that alleged failures are not "material disclosures" required under TILA that could result in rescission as a matter of law. Despite rehashing her argument, Plaintiff fails to rebut JPMC's argument or cite to any law indicating that she has stated a claim for which relief can be granted. Moreover, Plaintiff has failed to explain how failing to provide one of the two Notices of the Right to Cancel gives rise to rescission in light of the contrary holding in King v. Long Beach Mortg. Co., 2009 U.S. Dist. LEXIS 115121 (D. Mass., December 9, 2009).

The above is an example of the deficiencies that JPMC would like to highlight for the Court in a brief reply memorandum. JPMC would point out such similar circular arguments regarding Plaintiff's RESPA and debt collector claims. Accordingly, JPMC respectfully requests this Court grant it leave to file a maximum three page memorandum in reply to Plaintiff's Opposition.

.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ David J. Pellegrino
David J. Pellegrino (BBO #664459)
2364 Post Road, Suite 100
Warwick, RI 02886
(401) 681-1900 -
(401) 681-1910  FAX
djp@psh.com

DATED:  July 19, 2011

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 19th day of July, 2011, the above-referenced document was served upon counsel of record by electronic notice of filing.

/s/ David J. Pellegrino
David J. Pellegrino (BBO #664459)

1423540_1/4773-204